UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL BARRY, and | ) | |
| ABIGAIL JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PROGRESS RESIDENTIAL | ) | |
| MANAGEMENT SERVICE, LLC, | ) | |
| And | ) | |
| TRUE NORTH PROPERTY | ) | |
| OWNER A, LLC | ) | |
| | ) | |
| Defendants, | ) | |

_____

## **COMPLAINT**

Plaintiffs, Michael Barry and Abigail Jones file this complaint against

Progress Residential Management Service, LLC and True North Property Owner A,

LLC and allege as follows:

1

## NATURE OF ACTION

1.      This action is brought under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3631.

2.      Plaintiffs bring this action for injunctive relief and monetary damages pursuant to the Fair Housing Act, 42 U.S.C. § 3612(o).

3.      Defendants Progress Residential Management Service, LLC and True North Property Owner A, LLC ("Defendants") violated 42 U.S.C. § 3604(f)(2) and (f)(3)(B) by discriminating in the terms and conditions of tenancy because of a tenant's disability by refusing to make reasonable accommodations in rules, policies or services when such accommodations may be necessary to afford that person equal opportunity to enjoy a dwelling. Defendants violated 42 U.S.C. § 3617 by cutting off services and threatening to evict Defendants because they exercised their fair housing rights.

4.      Plaintiffs also bring their state claims that are closely tied to Defendants violation of the Fair Housing Act under 28 U.S.C. § 1367. These housing claims are so related to claims in the action that they form part of the same case or controversy.

2

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

6.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there and because the Defendants reside there.

## THE PARTIES AND SUBJECT PROPERTY

7.    Plaintiff leased 1401 Rhododendron Drive NW, Acworth, GA 30102, a single family dwelling, is the subject property. The lease is attached hereto as Exhibit 1.

8.    The subject property is a "dwellings" within the meaning of 42 U.S.C. § 3602(b).

9.    Progress Residential Management Services, LLC is the Property Manager for the Subject Property.

10.    True North Property Owner A, LLC, is the Landlord for the Subject Property.

3

# FACTUAL ALLEGATIONS

11.    Abigail Jones is a woman with a disability[1] as defined under the Fair Housing Act, 42 U.S.C. § 36029H0.

12.    During all relevant times, she lived with her husband Michael Barry.

13.    Ms. Jones resides at the above-referenced property, which is managed by Progress Residential and relies on multiple emotional support animals ("ESAs") as part of her disability-related treatment.  Her disability affects, among other things, her ability to mentally handle many day to day functions and stresses. She is under the care of several doctors. The ESAs are identified in the lease.

14.    On December 15, 2025, Mr. Barry sent written notice of property defects before move-in.  The list included lack of heat.

15.    A week later, Progress Residential represented to Plaintiffs that the home was ready, all outstanding defects had been corrected, and work orders were closed. The following day, Plaintiffs moved into the Property on December 23, 2025.

16.    Despite the December 22, 2025 representation that the house was

---

[1] [1] In the Complaint, Plaintiffs use the term "disability" instead of "handicap." For purposes of the Fair Housing Act, the terms have the same meaning. *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.,* 765 F.3d 1277, 1285 n.2 (11th Cir. 2014) (noting that "[d]isability scholars . . . generally prefer the term "disability" to handicap . . .and the Americans with Disabilities Act . . . reflects that preference.*")

ready, hot water problems, heat, and other problems continued in the home. Plaintiffs attempted to contact Progress Residential via e-mail, telephone, and mail, but they were ignored.

17.    There were technicians coming in and out. Sometimes they notified Plaintiffs and sometimes they didn't.  Most of the time, they showed up and left without any resolution because they were not properly prepared and had not been given the correct scope of work.

18.    Finally, on January 22, 2026, a multi work-order visit was supposed to occur, but nobody came until January 26, 2026.  For that period, they tried to schedule 13 different appointments across 10 days. Defendants refused to schedule work and estimates on a single day. Moreover, the contractors were unprepared and needed to reschule because they only half of the items on the work list.

19.    Progress Residential continued to send technicians out without prior appointments on February 2 and 4.

20.    It was clear the Residence should never have been rented with the large scope of work and the realization from the Defendants that the repair scope was so large that they would need to vacate until it was done.

21.    On February 6, 2026 when Defendants notified Plaintiffs of the bad

news, they failed to provide the length of time needed for these substantial repairs, the reimbursement plan, or anything else other than Plaintiffs would reimburse them at a rate of $250/day, eventually.  Defendants offered no dust and containment plan, FHA disability accommodations, or plan to protect their property, which were valued at approximately $100,000.

22.    The alternative would be to early terminate without compensation. They had just moved in 1-1/2 months ago at substantial costs. Any more would disrupt Mrs. Jones mental stability and her ESAs.

23.    Three days after Defendants revealed their tenants quiet use of the property would be intruded upon by contractors, Plaintiffs were told they could not stay in the house because there would be a 2-3 day power outage as a result of the work.

24.    Ms. Jones has a compromised immune system and needs breathing treatments.  She requested air scrubbers, negative pressure containment, and dust measures as a reasonable accommodation under the Fair Housing Act.  These requests were denied.

25.    On February 10. 2026, Mr. Barry emailed Defendants explaining why staying in the house was the only option because of the service animals and the logistics in moving Ms. Jones and her ESAs.  He requested a phone

conversation to detail the accommodations that were needed during the renovations to the house. Defendants ignored their request.

26.    Defendants steadfastly refused to provide these reasonable accommodations because they believed the only document they had to follow was the lease.  If the lease said they could come in to repair, nothing else mattered.

27.    All the wrangling by Defendants was for naught anyway because they ignored not only the Fair Housing Act, but Cobb County permit requirements.  On February 13, 2026, Cobb County violated the worksite and posted a stop work order.  So, no further work that needed a permit has been performed.

28.    Nevertheless, Defendants have made no effort to get their contractors to obtain the necessary permits to start work. It has been two months.

29.    Defendants have made no effort to coordinate times for multiple contractors to review and assess the same problem.

30.    Even though there is a stop work order on the renovations, in retaliation for demanding repairs and reasonable accommodations, Defendants terminated the lease and demanded Plaintiffs vacate. In addition, they have blocked Plaintiffs' access to the payment portal and returned Plaintiff's payments sent to their office.

31.    In an attempt to intimidate Plaintiffs, Defendants have alleged they have filed an eviction against them.  However, the court has no such record of any court action against them.

32.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33.    Defendants' denial of Plaintiffs' request for a reasonable accommodation for Ms. Jones did not involve an individualized assessment and they failed to engage in an interactive process with Ms. Jones when considering her reasonable accommodations requests.

34.    As a result of Defendants' actions, Complainant has suffered actual damages, including but not limited to emotional distress.

## COUNT I

## FAIR HOUSING ACT VIOLATIONS

## 42 U.S.C § 3604(f)(2), (f)(3)(B) and 42 U.S.C. § 3617

35.     Plaintiffs repat and reallege the preceding paragraphs.

36.     By the actions set forth above, Defendants have:

a.     Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2); and

b.     Refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

c.     Intimidated and threatened Plaintiff on account of her exercise of her rights under 42 U.S.C. § 3604 in violation of 42 U.S.C. § 3617.

37.     As a result of Defendants' conduct, Plaintiffs have been injured, suffered damages, and is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i).

38.     Defendants' discriminatory actions were intentional, willful, and taken in reckless disregard of the rights of Plaintiffs.

## STATE CLAIMS

## COUNT II

## FAILURE TO REPAIR

39.     Plaintiffs incorporate paragraphs 1-38 of this Complaint as if fully restated herein.

40.     The Rental Property was defectively and negligently maintained. The Defendants failed to keep the Premises in repair and allowed Plaintiffs to move in even though it knew or should have known it needed substantial renovations, including electrical work.

41.     Furthermore, additional delays in making repairs resulted in hiring contractors who failed to obtained the necessary permits for the house.  As a result, t here has been a stop work order on the repairs/renovations for weeks.

42.     The Defendants' actions and omissions accordingly violated O.C.G.A. §§ 44-7-13 and 44-7-14.  Each of those violations independently entitles Plaintiff to damages arising from Defendants' failure to keep the Rental Property in repair.

43.     The attempted repairs do not absolve them from their obligations under OCGA 44-7-13 and 44-7-14.  Booker v. J.T. Bickers Realty Co., 127 Ga. App. 614, 615, 194 S.E.2d 490 (1972) (citations omitted).

## COUNT III

## NEGLIGENCE/NEGLIGENCE PER SE

44.     Plaintiffs incorporate paragraphs 1-43 of this Complaint as if fully restated herein.

45.     The Defendants, as Plaintiffs landlord and property managers owed Plaintiffs a duty of care to keep the premises in repair and not to cause damages to their Tenants.

46.     The Defendants breached their duty of care owed to Plaintiff by failing to address the above-mentioned substandard housing conditions.

47.     The failure of that duty of care is a direct and proximate cause of Plaintiffs' damages.

48.     The Defendants are negligent per as set forth in OCGA §§ 44-7-13 and 44-7-14.

## COUNT III

## BREACH OF WARRANTY OF HABITABILITY

49.    Plaintiffs incorporate paragraphs 1-48 of this Complaint as if fully restated herein.

50.    Georgia Safe and Home Act establishes a minimum duty of habitability that requires landlords and property owners to provide tenants with rental housing that is sufficient for habitation an free from health and safety risks.

51.    Defendants breached that requirement by failing to inspect the property before the move in or to hire contractors who would obtain the necessary permits that would allow for a quick repair.

52.    The Landlord is obligated to ensure it provides a Tenant with a safe and habitable living space.

53.    If a landlord fails to meet this obligation, it has violated the warranty of habitability.

54.    Defendants failed to meet their obligation when they ignored the many safety hazards that were in the Residence.

55.    During the winter months, Plaintiffs lacked heat and hot water. There is still a safety hazard regarding the entire electrical system in the house. Cobb County has placed a stop work on the site because of the failure to obtain the

proper permits.

## COUNT V

## PARTIAL CONSTRUCTIVE EVICTION

56. Plaintiffs incorporate paragraphs 1-55 of this Complaint as if fully restated herein.

57. The Landlords' failure to keep the premises repaired allowed it to deteriorate to an extent that it has become uninhabitable.

58. At this point, the Residence cannot be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption to the Tenants.

59. The Defendants' acts and omissions have caused the Plaintiffs to be constructively evicted from the premises, thereby entitling her to damages, including full refund of any rent paid because of uninhabitable conditions.

13

# COUNT VI

# PUNITIVE DAMAGES

## (OCGA 51-12-5.1)

60.    Plaintiffs restate the allegations in paragraphs 1 through 59 as if fully restated herein.

61.    Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppressions, or that entire want of care which would raise the presumption of conscious indifference of consequences.

62.    In this case, the Defendants' acted or failed to act with the specific intent to cause harm.  (OCGA 51-12-5.1(f).

63.    As a result, an award of punitive damages is warranted without regard to the amount that may be awarded by the jury under O.C.G.A § 51-12-5.1(f).

## COUNT VI

## ATTORNEY'S FEES

64.    Plaintiffs incorporate paragraphs 1-63 of this Complaint as if fully restated herein.

65.    Pursuant to OCGA § 13-6-11 Plaintiffs are entitled to reasonable attorney's fees and litigation expenses because defendant acted in bad faith, has been stubbornly litigious, and has caused the Plaintiffs unnecessary trouble and expense.

66.    Therefore, the attorney's fees, interest, and expenses should be calculated in accordance with this provision in favor of Plaintiffs

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request relief as follows:

1.    A declaration that Defendant's actions, policies and practices, as alleged herein, violate the Fair Housing Act;

2.    An injunction prohibiting Defendant's, its agents, employees, successors, and all other persons in active concert or participation with any of them from:

a.    Discriminating on the basis of disability, in violation of the Fair Housing Act;

15

b.      Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Plaintiffs to the position she would have been in but for the discriminatory conduct; and

c.      Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future.

3.      An award of monetary damages to Plaintiffs in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

4.      Award Plaintiffs special, compensatory, and punitive damages for failing to repair the premises before and during Plaintiffs' tenancy, negligence, negligence per se, breach of contract, violation of consumer laws, breach of warranty of habitability, punitive damages, and attorney's fees.

5.      Plaintiff further requests such additional relief as the interests of justice may require.

This 16th Day of April 2026

THE MCGILL LAW FIRM, LLC
/s/Paula J. McGill

Paula J. McGill
Ga Bar No. 610510
Attorney for Plaintiffs

4901 Olde Towne Parkway
Suite 100
Marietta, GA 30068
demandingjustice@gmail.com
(770)367-1234 (telephone)
(770)509-4837 (telephone)

DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

THIS 16th Day of April 2026

                                    THE MCGILL LAW FIRM, LLC
                                    /s/Paula J. McGill
                                    Paula J. McGill
                                    Ga Bar No. 610510
                                    Attorney for Plaintiffs

4901 Olde Towne Pkwy
Suite 100
Marietta, GA 30068
demandingjustice@gmail.com
(770)367-1234 (tele)
(770)509-4837 (tele)

18

# LR 7.1(D) CERTIFICATION


Pursuant to L.R. 7.1(D), I certify the brief has been prepared with one of the font and point selections (Times New Roman 14)  approved by the Court in LR 5.1(C).

THIS 18th day of July 2025                              THE MCGILL LAW FIRM, LLC
                                                        s/Paula J. McGill
                                                        Paula J. McGill
                                                        Ga Bar No. 610510
                                                        Attorney for Plaintiffs

4901 Olde Towne Parkway
Suite 100
Marietta, GA 30068
demandingjustice@gmail.com (770)367-1234 (telephone)
(770)509-4837 (telephone)